## QUECK v. HAWKER.

(District Court, W. D. Pennsylvania. November Term, 1922.)

No. 744.

1. **Searches and seizures ⟨⟩3—Search warrant cannot be issued without finding of probable cause.**

Under Const. Amend. 4, prohibiting the issuance of search warrants except on probable cause, the commissioner or judicial officer to whom an application for a search warrant is made must find as a judicial conclusion the existence of probable cause before issuing the warrant; the existence thereof being a jurisdictional fact.

2. **Searches and seizures ⟨⟩3—Finding of probable cause for issuance of search warrant should be based on facts, and not opinions of witnesses.**

The finding of probable cause by the commissioner or judicial officer to whom an application for a search warrant is made should be based, not on the opinion of witnesses, but on facts set forth in the affidavit, from which the existence of probable cause may be fairly inferred, since otherwise the conclusion would be that of the witnesses, and not that of the judicial officer, as required by Const. Amend. 4.

3. **Searches and seizures ⟨⟩5—Goods illegally seized under defective search warrant returned.**

Goods illegally seized under fatally defective search warrant will be ordered returned on petition therefor.

Petition by Albert H. Queck, executor of Harry P. Queck, deceased, against Elmer G. Hawker, Group Head in charge of Pittsburgh Federal Prohibition Office, for the return of goods seized and held under search warrant issued by the United States commissioner. Petition granted.

Van A. Barrickman, of Pittsburgh, Pa., for plaintiff.

THOMSON, District Judge. This is a petition for the return of goods seized and held under search warrant issued by the United States commissioner, the application being based on the ground, among others, that the search warrant was illegally issued.

[1] The Fourth Amendment to the Constitution of the United States provides that:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

It will thus clearly appear that the existence of probable cause is a judicial conclusion to be found by the commissioner or judicial officer to whom application for the warrant is made. It is a vital and jurisdictional fact, and without such finding no search warrant can lawfully issue.

[2] The finding of probable cause should be based, not on the opinion or belief of a witness or witnesses, but on facts set forth in the affidavit from which the existence of probable cause may be fairly inferred. Otherwise the conclusion would be that of the witness, and

not of the judicial officer in whom alone the Constitution has vested the extraordinary power to issue search warrants, and who is thus legally charged with the duty of preventing unreasonable searches and seizures.

[3] As the record does not show any finding of probable cause by the commissioner, we think the warrant fatally defective, and therefore the seizure thereunder illegal. Entertaining these views, the search warrant being invalid, the seizure was necessarily illegal, and the goods seized thereunder are directed to be returned in accordance with the prayer of the petition.